J-A24027-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CEDRIC DARNELL BOSWELL | : | |
| | : | |
| Appellant | : | No. 80 EDA 2022 |

Appeal from the PCRA Order Entered October 15, 2021
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0002561-2015

BEFORE:  PANELLA, P.J., BENDER, P.J.E., and SULLIVAN, J.

MEMORANDUM BY PANELLA, P.J.:                    **FILED JANUARY 24, 2023**

Cedric Darnell Boswell appeals, *pro se*, from the order dismissing his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"). *See* 42 Pa.C.S.A. §§ 9541-9546. Boswell argues that his counsel was ineffective for failing to file a Pa.R.A.P. 1925(b) concise statement on his direct appeal and there was a Confrontation Clause violation at trial. We affirm.

In June 2015, Pennsylvania State Troopers investigated postings on a website advertising escort services. The troopers texted the provided phone number for the services and told a woman to come to a hotel room. J.P. arrived at the room and offered a trooper sexual favors in exchange for money. As a result, troopers detained and interviewed J.P. According to J.P., Boswell had arranged the prostitution appointment and was waiting for her in the hotel parking lot. J.P. further suggested that Boswell received the money she earned

by performing sexual acts, and that Boswell had struck another female prostitute in the face, knocking her to the floor. The troopers located Boswell in the parking lot and arrested him. Following his arrest, the troopers seized Boswell's cell phone, and pursuant to a search warrant, recovered pictures of women; various text messages related to prostitution; and a text message in which Boswell apologized for hitting the recipient, A.L.

The Commonwealth charged Boswell with, *inter alia*, trafficking in individuals, promoting prostitution, simple assault, and criminal use of a communication facility. The case proceeded to a jury trial, at which J.P. testified, but A.L. was unavailable. The jury convicted Boswell of the above crimes, and the trial court sentenced Boswell to an aggregate sentence of 13 to 26 years in prison. This Court affirmed the judgment of sentence, and our Supreme Court denied allowance of appeal on September 17, 2018. **See Commonwealth v. Boswell**, 2314 EDA 2016 (Pa. Super. Filed Mar. 27, 2018) (unpublished memorandum), *appeal denied*, 194 A.3d 121 (Pa. 2018).

Boswell timely filed a *pro se* PCRA petition.[1] The PCRA court appointed Boswell counsel, but counsel subsequently filed a motion to withdraw and a

---

[1] Boswell's judgment of sentence became final on December 17, 2018. **See Commonwealth v. Miller**, 102 A.3d 988, 993 (Pa. Super. 2014) (stating that a judgment of sentence becomes final, when the period to file a petition for a writ of certiorari (90 days after entry of judgment) expired). While Boswell's PCRA petition was docketed on January 13, 2020, the cash slip from the prison attached to his PCRA petition is dated December 15, 2019, making the petition timely filed.

no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). The PCRA court granted Boswell's counsel's motion to withdraw. Thereafter, Boswell filed a petition to proceed *pro se*, and file an amended PCRA petition. The PCRA court granted Boswell's requests, and Boswell subsequently filed an amended PCRA petition. The PCRA court issued a Pa.R.Crim.P. 907 notice, and thereafter denied the petition on October 15, 2021.

This appeal followed. The PCRA court ordered Boswell to file a Pa.R.A.P. 1925(b) concise statement. Boswell did not file a concise statement. Thereafter, the PCRA court filed a Pa.R.A.P. 1925(a) opinion, finding Boswell's issues waived on appeal.

On appeal, Boswell raises the following questions for our review:

1. Whether the trial court erred by denying and dismissing [Boswell's] PCRA petition with a hearing, when [Boswell's] claim of ineffective assistance of counsel for failing to file his [Rule] 1925(b) [concise] statement is of arguable merit[?]

2. Whether the trial court erred as a matter of law when the trial court denied and dismissed [Boswell's] PCRA petition without a hearing, when [Boswell's] right under the Sixth Amendment (Confro[n]tation Clause) was violated at trial and [Boswell] was denied the right to confront his accuser and the right to a fair trial by law[?]

Appellant's Brief at 4.

Preliminarily, we must determine whether this appeal is properly before this Court. In its October 15, 2021 order denying PCRA relief at two docket

- 3 -

numbers, the PCRA court stated that Boswell "is granted leave to file **an** appeal to the Superior Court of Pennsylvania within thirty (30) days of the date of this Order." Order, 10/15/21, at 1. As a result, Boswell initially filed a single notice of appeal (2543 EDA 2021) with prison authorities on November 15, 2021,[2] in violation of **Commonwealth v. Walker**, 185 A.3d 969, 977 (Pa. 2018) (holding that separate appeals must be filed at each docket being appealed). Thereafter, in what appears to be an attempt to remedy the **Walker** violation, Boswell filed separate notices of appeal (80 EDA 2022 and 81 EDA 2022) for the two docket numbers on December 14, 2022. **See Commonwealth v. Young**, 265 A.3d 462, 477 (Pa. 2021) (holding that Pa.R.A.P. 341 "requires that when a single order resolves issues arising on more than one docket, separate notices of appeal must be filed from that order at each docket; but, where a timely appeal is erroneously filed at only one docket, [Pa.R.A.P.] 902 permits the appellate court, in its discretion, to allow correction of the error, where appropriate."). Subsequently, this Court dismissed the appeals at 2543 EDA 2021 and 81 EDA 2022 for failure to file a brief; however, Boswell's brief at 80 EDA 2022 includes both docket numbers.

_____

[2] We note that the 30th day of the appeal period fell on a Sunday, and, as a result, a timely appeal had to be filed by November 15, 2021. **See** 1 Pa.C.S.A. § 1908 (providing that when the last day of a period of time referred to in a statute falls on a weekend, that day shall be omitted from the computation of time).

We decline to find Boswell's appeal quashed. Indeed, the PCRA court failed to inform Boswell that he must file separate notices of appeal for each docket number. **See Commonwealth v. Stansbury**, 219 A.3d 157, 160 (Pa. Super. 2019) (declining to quash appeal where the PCRA court's failure to advise the appellant of the need to file separate notices of appeal constituted "a breakdown in court operations such that we may overlook" any **Walker** defect). Further, Boswell filed a timely notice of appeal from the two docket numbers, and because Boswell attempted to comply with **Walker** by filing two separate appeals for the two docket numbers, we need not remand the matter to the trial court for the filing of amended notices of appeal. **See Young, supra**. Although only a single notice of appeal remains in this case, we conclude that because of the breakdown in the PCRA court's operations and Boswell's attempt to satisfy **Walker**, this appeal is properly before this Court.

Next, we note that the PCRA court found that Boswell has waived his claims for failing to file a court-ordered Pa.R.A.P. 1925(b) concise statement. **See** Trial Court Opinion, 2/1/22, at 1 (unnumbered). Generally, an appellant's failure to comply with Pa.R.A.P. 1925(b) will result in waiver of the issues raised on appeal. **See Commonwealth v. Butler**, 812 A.2d 631, 634 (Pa. 2002) (stating that "failure to comply with the PCRA court's order to file a Rule 1925(b) statement resulted in the automatic waiver of any issues he may have raised on appeal."); **see also** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions

of this paragraph (b)(4) are waived."). "In determining whether an appellant has waived his issues on appeal based on non-compliance with Pa.R.A.P. 1925, it is the trial court's order that triggers an appellant's obligation … therefore, we look first to the language of that order." *Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.*, 88 A.3d 222, 225 (Pa. Super. 2014) (*en banc*) (citation and brackets omitted); *see also* Pa.R.A.P. 1925(b)(3) (specifying the required contents of a Rule 1925(b) order). Relevantly, a Rule 1925(b) order must designate "the place the appellant can serve the Statement in person and the address to which the appellant can mail the Statement." *See* Pa.R.A.P. 1925(b)(3)(iii).

Here, although the PCRA court's order is generally compliant with Rule 1925(b)(3), it fails to comply with the "person and address" requirements of subsection (b)(3)(iii):

> IT IS ORDERED that the Defendant shall file a concise statement of the errors complained of in his appeal. The concise statement shall be filed within twenty-one (21) days of the date of this order and shall be promptly served on the undersigned. Issues not properly included in the concise statement, which must be timely filed and served, are deemed waived.

Order, 12/17/21.

Significantly, when a court's Rule 1925(b) order "is inconsistent with the requirements of Rule 1925(b)(3)(iii), … the waiver provisions of subsection (b)(4)(vii) do not apply." *Rahn v. Consol. Rail Corp.*, 254 A.3d 738, 746 (Pa. Super. 2021) (citation omitted). Accordingly, considering that the PCRA court's order did not include the place the statement could be served in person

or an address to which Boswell could mail the statement, we conclude that Boswell's failure to file a Rule 1925(b) concise statement did not render his claims waived on appeal.

Turning to the substance of Boswell's appeal,[3] he first contends that his counsel was ineffective for failing to file a concise statement on direct appeal. *See* Appellant's Brief at 10. According to Boswell, the trial court failed to properly serve his counsel with the Rule 1925(b) concise statement order, and, as a result, he was denied meaningful review on direct appeal and in his petition for allowance of appeal. *See id.* at 10-11. Boswell claims that the PCRA court should have held a hearing on his ineffectiveness claim. *See id.* at 10, 11.

Our appellate review of the denial of PCRA relief "is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." *Commonwealth v. Koehler*, 36 A.3d 121, 131 (Pa. Super. 2012) (citation omitted). Further, "[t]here is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of

---

[3] We note that Boswell's argument does not include any citations to relevant authority and mainly consists of conclusory statements that he is entitled to relief. While we may find waiver on this basis, *see Commonwealth v. Freeman*, 128 A.3d 1231, 1249 (Pa. Super. 2015) ("The failure to develop an adequate argument in an appellate brief may result in waiver of the claim under Pa.R.A.P. 2119."), we will address Boswell's claims.

material fact exist, then a hearing is not necessary." *Commonwealth v. Maddrey*, 205 A.3d 323, 328 (Pa. Super. 2019) (citation omitted).

To succeed on an ineffectiveness claim, Boswell must demonstrate by a preponderance of evidence that "(1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice as a result of counsel's action or inaction." *Commonwealth v. Brown*, 196 A.3d 130, 150 (Pa. 2018) (citation omitted). Counsel is presumed to be effective, and the burden is on the appellant to prove otherwise. *See Commonwealth v. Hanible*, 30 A.3d 426, 439 (Pa. 2011). A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. *See Commonwealth v. Montalvo*, 244 A.3d 359, 368 (Pa. 2021).

Here, on direct appeal, this Court declined to find Boswell's arguments waived for the failure to file a court-ordered Rule 1925(b) concise statement, because the trial court had failed to properly serve counsel the concise statement order. *See Boswell*, 2314 EDA 2016 (unpublished memorandum at 7). This Court thus held that it would address the merits of Boswell's issues. *See id.* Accordingly, Boswell's ineffectiveness claim has no arguable merit and Boswell was not prejudiced, as the absence of a Rule 1925(b) concise statement did not affect this Court's review of his arguments on direct appeal. *See Montalvo*, 244 A.3d at 368. Furthermore, because this claim could be addressed based upon the record, we conclude that the PCRA court did not

err in declining to hold a hearing. **See Maddrey**, 205 A.3d at 328. Based upon the foregoing, Boswell's first claim is without merit.

In his second argument, Boswell contends the Confrontation Clause violation "was of arguable merit." Appellant's Brief at 11. Boswell asserts that J.P. was allowed to testify "in place of the allege[d] victim and her testimony was tainted with speculations and hearsay testimony." **Id.** at 12. Boswell further claims that the PCRA court should have held a hearing on this issue. **See id.** at 11, 12.[4]

> The Confrontation Clause of the Sixth Amendment, made applicable to the States via the Fourteenth Amendment, provides that in all criminal prosecutions, the accused shall enjoy the right to be confronted with the witnesses against him." In [**Crawford v. Washington**, 541 U.S. 36, 51 (2004)], the Court held that the Sixth Amendment guarantees a defendant's right to confront those who bear testimony against him, and defined testimony as a solemn declaration or affirmation made for the purpose of establishing or proving some fact. The Confrontation Clause, the High Court explained, prohibits out-of-court testimonial statements by a witness unless the witness is unavailable and the defendant had a prior opportunity for cross-examination.

**Commonwealth v. Yohe**, 79 A.3d 520, 530-31 (Pa. 2013) (quotation marks, brackets, ellipses, and some citations omitted).

_____

[4] Boswell has not clearly demonstrated that his claim is cognizable under the PCRA, as he has neither argued the claim within the confines of an ineffectiveness claim nor established a violation of the Constitution or laws of the United States which so undermined the truth-determining process that no reliable adjudication could have taken place. **See** 42 Pa.C.S.A. § 9543(a)(2). Further, he has not established that this argument is not waived. **See** Pa.C.S.A. § 9543(a)(3). Nevertheless, we will address the claim.

Here, Boswell fails to identify the alleged victim who did not testify, or the statements made by J.P. which constituted hearsay or proved crimes relating to the unidentified victim. Nevertheless, we note that the Commonwealth's failure to call one of the alleged victims as a witness does not implicate the Confrontation Clause, as the clause provides that Boswell has the right to cross-examine the witnesses who testify and does not require that the Commonwealth call the victim to establish that a crime was committed. *See Commonwealth v. Allen*, 429 A.2d 1113, 1116 (Pa. Super. 1981) ("The Sixth Amendment right to confrontation extends only to witnesses whose testimony is presented. ... [T]he Commonwealth is not obligated to call the victim of a crime as a witness." (citation omitted)). Here, we note that, assuming Boswell is referencing J.P.'s testimony that Boswell struck A.L., J.P. did not testify to statements made by A.L. Rather, she testified to her own direct observation of Boswell assaulting A.L. Therefore, Boswell's claim is without merit and the PCRA court did not err in declining to hold a hearing on the issue. *See Maddrey*, 205 A.3d at 328.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/24/2023